## GREEN & DeLAITTRE COMPANY v. FASBENDER & SON and Others.[1]

May 29, 1913.

Nos. 18,049—(96).

**Sale — findings — evidence.**

In this action to recover for goods claimed to have been sold by plaintiff to defendants, it is *held:*

(1) The evidence sustains the decision of the trial court that there was no sale of the goods in question, and the findings sustain the conclusion that plaintiff was not entitled to recover.

(2) Defendants were not estopped to deny that they purchased the goods.

Action to recover $66.40 for goods sold and delivered. The case was transferred to the district court for Dakota county and tried before Hodgson, J., who made findings and ordered judgment in favor of defendants. From an order denying plaintiff's motion for a new trial, it appealed. Affirmed.

*J. L. Murphy* and *D. E. La Belle,* for appellant.

*W. H. Gillitt,* for respondent.

BUNN, J.

Plaintiff is a wholesale grocer in Minneapolis, and defendants are retail grocers in Hastings. The complaint alleged that between August 6 and August 14, 1909, plaintiff sold and delivered to defendants, at their special instance and request, goods, wares and merchandise of the value and agreed price of $124.59, of which the sum of $66.40 was unpaid. The answer alleged that on August 4, 1909, defendants purchased from plaintiff, through one Marshall, its traveling salesman, goods of the agreed price of $21.40, and paid for such goods, and denied the purchase of any other goods from plaintiff. The issues were tried before the court without a jury, and a

[1] Reported in 141 N. W. 789.

122 M.—2.

decision rendered in favor of defendants. This appeal is from an order refusing a new trial.

In substance the decision below was that there was no sale of the goods priced at $66.40. The contentions of plaintiff are that the evidence does not justify the findings, and that the findings do not support the conclusion of law that plaintiff was not entitled to recover. We have examined the evidence and find no difficulty in reaching the conclusion that it is sufficient to sustain the findings. The facts disclosed by the evidence are substantially those found by the trial court, and are as follows:

One C. C. Marshall was the agent of plaintiff and employed by it as a salesman authorized to solicit orders from retail dealers for the sale of goods and submit such orders for acceptance or rejection by plaintiff, but he was not authorized to sell to private individuals. On August 4, 1909, defendants ordered from such agent goods of the value of $21.41, which were shipped by plaintiff to defendants at Hastings, and subsequently paid for in full. At the time defendants ordered these goods Marshall informed them that he had sold a bill of goods to the Steamboat J. S., and that if defendants would allow him to have the goods shipped to Hastings in the name of defendants for delivery to the steamboat on the river, he would allow defendants a commission of 10 per cent on the goods so shipped and delivered to the steamboat. Defendants consented to this, and thereafter Marshall ordered from plaintiff goods of the value of $66.40 and directed the same to be shipped to defendants at Hastings. Marshall did not inform plaintiff that the goods so ordered were for the steamboat, and plaintiff shipped the goods believing that defendants were the purchasers. When the goods arrived at Hastings defendants receipted for them and delivered them to Marshall. Plaintiff never received its pay for the goods, nor did Marshall ever pay to defendants the 10 per cent commission.

The pivotal question is: Was there a sale of these goods by plaintiff to defendant? We may concede that the salesman exceeded his authority in selling plaintiff's goods to the steamboat, and that defendants knew that the arrangement made by them with the salesman was not one that would be disclosed to plaintiff. The findings also

show that plaintiff believed that defendants were the purchasers of the goods ordered and delivered. But to constitute a sale there must be a meeting of the minds of the seller and buyer. Clearly, under the evidence and the findings, defendants did not expressly or by implication agree to purchase. They gave the salesman no order, either written or oral. The order had been already taken by the agent from the steamboat people. The evidence does not even show that defendants suspected that the salesman was engaged in a transaction on his own account, as apparently was the fact. They may be criticized perhaps for lending their name for a consideration, but we fail to see on what principle this would make them the purchasers of the goods. A sale is a contract by which the seller transfers to the buyer property for a consideration. An agreement to purchase and pay the consideration is necessary, though it may of course be implied. As there was no such agreement on the part of defendants, it follows that there was no sale to them.

Nor can defendants be held liable on the ground of estoppel. As before remarked, the evidence does not show that they knew the agent's purpose to defraud his principal, nor does it show that they were in any way parties or privies to the fraud. In other words, it cannot be said that they had reason to anticipate that plaintiff would lose anything by their assenting to the proposal of its agent. It is more probable that they were simply doing a favor to the salesman, and accepted his promise of a commission as compensation for consenting to a sale by plaintiffs directly to a consumer in their territory. While they knew that the agent was forbidden to sell directly to a consumer, they doubtless understood that this restriction on his authority was for the benefit of retail dealers like themselves. We are unable to hold that defendants were estopped to deny that they purchased the goods in question.

There is considerable discussion in plaintiff's brief of the doctrine of implied or apparent authority of an agent, the claim being that Marshall was not acting within the apparent scope of his authority in making the agreement with defendants. We fail to see any such question in the case.

Nor can we find a sale because defendants did not deny to plain-

tiff that they purchased the goods until they were asked to pay for them. At most this was evidence that might be considered by the trial court in determining whether there was a sale, but it was in no way conclusive.

We hold that the evidence sustains the findings, and that both sustain the conclusion of law that plaintiff was not entitled to recover.

Ordered affirmed.